UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SANDY ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00439-JMB |
| | ) | |
| MUTUAL SAVINGS LIFE INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Sandy Adams' pro se amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff will be directed to file a second amended complaint according to the instructions set forth herein.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-

73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff filed this pro se civil action on March 12, 2019, naming Mutual Savings Life Insurance as the defendant. (Docket No. 1). The complaint was on a Court form, but was missing the statement of claim and contained no factual allegations. The complaint also failed to include an amount in controversy, though plaintiff asserted diversity of citizenship as the basis of the Court's jurisdiction. Due to these defects, plaintiff was ordered to file an amended complaint. (Docket No. 5). He duly filed his amended complaint on April 4, 2019. (Docket No. 6).

**The Amended Complaint**

Plaintiff's amended complaint is on a Court-provided civil complaint form and names Mutual Savings Life Insurance Company as defendant. (Docket No. 6 at 1). Plaintiff asserts diversity of citizenship as the basis of this Court's jurisdiction. (Docket No. 6 at 3). Once again, however, he fails to provide a jurisdictional amount.

In the statement of claim section, plaintiff alleges that in 2018, he did not receive his "socioeconomic death benefits." (Docket No. 6 at 5). Rather, defendant appears to have sent him only "$660 in settlement closing." Plaintiff states that his injury consists of "disappointment (depression)." He does not request any specific relief from the Court.

**Discussion**

Plaintiff's has filed an amended complaint in accordance with the Court's order of March 25, 2019. However, the amended complaint is deficient in two respects. First, plaintiff has not established any basis for this Court's jurisdiction. Second, his vague and conclusory allegations do not state a claim. As plaintiff is proceeding pro se, he will be given an opportunity to file a second amended complaint, according to the instructions set forth below.

A. **Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be

assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff has indicated that the Court's jurisdiction is based on diversity of citizenship.

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so

4

certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Plaintiff states that he is a citizen of Alabama, while defendant is corporation that is incorporated under the laws of Missouri, with its principle place of business in St. Louis. (Docket No. 6 at 3-4). He has, therefore, established diversity of the parties. He has not, however, demonstrated that he meets the threshold amount in controversy. That is, in order to assert diversity of citizenship jurisdiction, plaintiff must make a good faith allegation that the amount in controversy exceeds $75,000. However, he has failed to allege any amount whatsoever. In filing his second amended complaint, plaintiff must establish this Court's jurisdiction by providing the amount in controversy.

**B. Failure to State a Claim**

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). The reviewing court looks at the well-pleaded facts in the complaint to determine whether the pleading party has provided the necessary notice, thus stating a claim in the manner contemplated by the Federal Rules. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002).

5

Plaintiff's statement of claim states only that he "did not receive the socioeconomic death benefits" in 2018, receiving instead a $660 "settlement closing," which caused him "disappointment (depression)." He does not allege any facts showing that he was entitled to these benefits, or that the withholding of said benefits by defendant was wrongful. In filing his second amended complaint, plaintiff must provide factual allegations that are sufficient to give defendant Mutual Savings Life Insurance Company fair notice of the nature and basis for plaintiff's claim.

C. **Amendment Instructions**

Plaintiff should type or neatly print his second amended complaint on the Court's civil complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). He should fill out the form in its entirety, following the instructions contained therein. All sections of the form should be completed.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific

defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

As noted above, plaintiff's allegations should serve to give defendant "fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *See Topchian*, 760 F.3d at 848. Furthermore, plaintiff is advised against using conclusory language or merely reciting the elements of a cause of action. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file a second amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's Civil Complaint Form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon plaintiff's filing of a second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

        */s/ John M. Bodenhausen*
        JOHN M. BODENHAUSEN
        UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of May, 2019.