# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SANDY ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-00439-JMB |
| | ) |
| MUTUAL SAVINGS LIFE INSURANCE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of pro se plaintiff Sandy Adams' second amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss this action for lack of subject matter jurisdiction and for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-

73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff filed this pro se civil action on March 12, 2019, naming Mutual Savings Life Insurance as the defendant. (Docket No. 1). The complaint was on a Court form, but was missing the statement of claim and contained no factual allegations. The complaint also failed to include an amount in controversy, though plaintiff asserted diversity of citizenship as the basis of the Court's jurisdiction. Due to these defects, plaintiff was ordered to file an amended complaint. (Docket No. 5). He filed his amended complaint on April 4, 2019. (Docket No. 6).

Plaintiff's amended complaint named the Mutual Savings Life Insurance Company as defendant. (Docket No. 6 at 1). He asserted diversity of citizenship as the basis of this Court's jurisdiction, though he failed to assert a jurisdictional amount. (Docket No. 6 at 3).

In the statement of claim section, plaintiff alleged that in 2018, he did not receive his "socioeconomic death benefits." (Docket No. 6 at 5). Instead, plaintiff received only "$660 in settlement closing." Plaintiff stated that his injury consisted of "disappointment (depression)." He did not request any specific relief from the Court.

On May 8, 2019, the Court ordered plaintiff to file a second amended. (Docket No. 7). In doing so, the Court noted that plaintiff had not established any basis for subject matter jurisdiction. Specifically, though he asserted diversity of citizenship as a jurisdictional basis, he did not allege any amount in controversy. (Docket No. 7 at 5). The Court also noted that plaintiff had failed to state a claim. In filing his second amended complaint, he was directed to provide factual allegations sufficient to give defendant fair notice of the nature and basis for his claim. (Docket No. 7 at 6).

Plaintiff was given thirty days in which to file a second amended complaint. He duly complied by filing a second amended complaint on May 28, 2019. (Docket No. 9).

**The Second Amended Complaint**

Plaintiff's second amended complaint is on a Court-provided civil complaint form. He names Mutual Savings Life Insurance as defendant. (Docket No. 9 at 2). In the "Basis for Jurisdiction" section of the form, plaintiff appears to assert both federal question and diversity of citizenship jurisdiction. (Docket No. 9 at 3). For federal question jurisdiction, he states: "The policy is already a court case." For diversity of citizenship jurisdiction, he states that he resides

in Alabama, while defendant is a Missouri corporation. (Docket No. 9 at 2, 5). However, as before, he has neglected to assert a jurisdictional amount. (Docket No. 9 at 5).

In his "Statement of Claim," plaintiff alleges that in 2018, he did not "receive the mutual funds correct amount." (Docket No. 9 at 4). He also states that defendant would not "forward the socioeconomic policy." This caused plaintiff "disappointment (depression)." The relief he seeks is "help with [his] mutual funds."

**Discussion**

Plaintiff has filed a second amended complaint as directed by the Court. For the reasons discussed below, this action must be dismissed for a lack of subject matter jurisdiction and for failure to state a claim.

**A. Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of

subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff has indicated that the Court's jurisdiction is based on both federal question and diversity of citizenship.

### i. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates

the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Here, plaintiff has not asserted that any federal law, federal treaty, or constitutional provision is at issue in this case. He has also not alleged that defendant acted under color of state law in violating his constitutional rights, such as might support an action under 42 U.S.C. § 1983. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (stating that a claim brought pursuant to § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331"). Indeed, plaintiff initially asserted diversity of citizenship as the jurisdictional basis.

The only support that plaintiff provides for federal question jurisdiction is the statement that: "The policy is already a court case." Attached to the second amended complaint is a "Notice of a Proposed Settlement of a Class Action Lawsuit" in *Ida Johnson, et al. v. Mut. Savings Life Ins. Co.*, No. CV-99-5-3292-NE (N.D. Ala.). Apparently, this is the case that plaintiff is referencing as the basis for federal question jurisdiction. The case settled in 2004. *Ida Johnson, et al. v. Mut. Savings Life Ins. Co.*, No. CV-99-5-3292-NE (N.D. Ala. Nov. 23, 2004). Plaintiff has also attached a letter, dated March 30, 2006, that indicates that he is eligible for settlement relief.

All that plaintiff has demonstrated is that there was once a federal class action lawsuit with the same defendant, of which he was a potential beneficiary as a member of the class. That is not sufficient to show that there is federal question jurisdiction in the instant case. The Court notes that in *Ida Johnson, et al. v. Mut. Savings Life Ins. Co.*, the plaintiffs specifically alleged racial discrimination pursuant to 42 U.S.C. § 1981. *Ida Johnson, et al. v. Mut. Savings Life Ins. Co.*, No. CV-99-5-3292-NE (N.D. Ala. Dec. 13, 1999). Plaintiff has not done so here. There is

no mention of any racially discriminatory action or any federal statute that might be implicated by defendant's conduct. As such, plaintiff has not established on the face of his second amended complaint "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Therefore, he has not established that this Court has federal question jurisdiction.

### ii. Diversity of Citizenship

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff states that he is a citizen of the State of Alabama, while defendant is a corporation incorporated under the laws of Missouri, with its principle place of business in St. Louis. (Docket No. 9 at 3, 5). He has, therefore, established the diversity of the parties. He has not, however, demonstrated that he meets the threshold amount in controversy. That is, in order to assert diversity of citizenship jurisdiction, plaintiff must make a good faith allegation that the amount in controversy exceeds $75,000. However, despite the Court previously advising him of the necessity of providing a jurisdictional amount, plaintiff has once again failed to allege any monetary damages whatsoever. Thus, he has not established diversity of citizenship jurisdiction.

### B. Failure to State a Claim

Even if plaintiff had established this Court's jurisdiction, he has failed to state a claim. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). The reviewing court looks at the well-pleaded facts in the complaint to determine whether the pleading party has provided the necessary notice, thus stating a claim in the manner contemplated by the Federal Rules. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002). A court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). However, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

Here, plaintiff alleges that in 2018, he did not "receive the mutual funds correct amount." (Docket No. 9 at 4). He also states that defendant would not "forward the socioeconomic policy." This caused plaintiff "disappointment (depression)." The relief he seeks is "help with [his] mutual funds."

These vague allegations do nothing to provide defendant with fair notice of the nature and grounds for his claim. Moreover, nothing in his "Statement of Claim" provides support for the conclusion that he did not "receive the mutual funds correct amount." He does not, for instance, state the amount he is owed, why he believes he is owed that amount, and how defendant acted wrongfully in this instance. He also does nothing to explain what he means when he states that defendant "wouldn't forward the socioeconomic policy." Rather than present a plausible claim for relief, he relies on "naked assertions devoid of factual enhancement." This is insufficient to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of June, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE